# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| **Arturo Perez Gutierrez** | ) | |
| | ) | 21-07060 |
| | ) | |
| Debtor. | ) | Honorable Judge Timothy A. Barnes |

## NOTICE OF MOTION

TO:   Joshua Martin, Citizens Law Group, Ltd by electronic notice through ECF
Arturo Perez Gutierrez, 2311 W. 50th Place, Chicago, IL 60609 via U.S. Mail
Office of U.S. Trustee, Patrick S Layng, Region 11, by electronic notice through ECF
Marilyn O Marshall, Chapter 13 Trustee, by electronic notice through ECF

PLEASE TAKE NOTICE that on August 4, 2022, at 9:30a.m., I will appear before the Honorable Judge Timothy A. Barnes, or any judge sitting in that judge's place, and present the motion of Patch of Land Lending, LLC to Vacate the Order Confirming Debtor's Plan Pursuant to FRCP 60(b), a copy of which is attached.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following: To appear by video, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password. To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and passcode. Meeting ID and password. The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/Noah Weininger<br>
Noah Weininger, IL ARDC #6280021<br>
Attorney for Patch of Land Lending, LLC

The Weininger Law Firm LLC
180 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
312-796-8850
nweininger@weiningerlawfirm.com

## CERTIFICATE OF SERVICE

I, Noah Weininger, an attorney certify that on July 21, 2022 I served the attached Notice and the Motion on the parties by the CM/ECF electronic noticing system or as otherwise indicated on the Notice of Motion.

By: /s/Noah Weininger
Noah Weininger, IL ARDC #6280021
Attorney for Patch of Land Lending, LLC

The Weininger Law Firm LLC
180 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
312-796-8850
nweininger@weiningerlawfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| **Arturo Perez Gutierrez** | ) | |
| | ) | 21-07060 |
| | ) | |
| **Debtor.** | ) | Honorable Judge Timothy A. Barnes |

## MOTION TO VACATE CONFIRMATION OF PLAN PURSUANT TO FRCP 60(b)

Now comes secured creditor Patch of Land Lending, LLC ("Patch"), by its attorneys, The Weininger Law Firm LLC, and moves pursuant to Federal Rule of Civil Procedure 60(b) and Bankruptcy Rule 9024 to vacate or modify the July 22, 2021 order confirming debtor's bankruptcy plan. In support of its Motion, Patch states as follows: remittance

### JURISDICTION

1. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334 and this is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. §157(b)(2)(A).

### FACTUAL BACKGROUND

2. On June 27, 2018, A Construction and Rehab, Inc. ("A Construction") executed and delivered to Patch a Promissory Note (the "Note"), evidencing an indebtedness in the original principal sum of $112,250.00. A true and correct copy of the Note is attached hereto and incorporated herein as Exhibit A.

3. The Note is secured by a Mortgage and Security Agreement, Assignment of Rents and Leases, and Fixture Filing, executed by A Construction in favor of Patch, dated June 27, 2018 and recorded in the office of the Cook County Recorder of Deeds on July 11, 2018 as Document Number 1819244014 (the "Mortgage"), which encumbers the Property. A true and correct copy of the Mortgage is attached hereto and incorporated hereby as Exhibit B.

4. Pursuant to Paragraph 20 of the Note, A Construction "represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for personal, family, or household purposes.

5. Arturo Perez Gutierrez (the "Debtor") is the guarantor of the Note.

6. A Construction defaulted on the Mortgage and Note for failure to pay the entire balance due on or before May 1, 2020, the maturity date of the Note.

7. On June 2, 2021, the Debtor filed his Voluntary Petition under Chapter 13 of the United States Bankruptcy Code (the "Petition").

8. On or about July 22, 2021, Debtor's Chapter 13 Plan (the "Plan") was confirmed (the "Confirmation Order"). The Plan provided for periodic monthly payments to Patch.

9. The amounts due as of the Petition Date are as follows:

| | |
|---|---|
| Principal balance: | $74,750.00 |
| Accrued and Unpaid Interest: | $14,509.56 |
| Late Fees: | $986.24 |
| Unpaid Loan Charges: | $25.00 |
| Total: | $90,270.80 |

10. On January 14, 2022, Patch filed its Motion for Relief from the Automatic Stay (the "Motion for Relief").

## ARGUMENT

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FRCP 60(b). Relief from judgment under Rule 60(b) may be granted at the broad discretion of the trial judge. *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*, 902 F.2d 1275, 1277 (7th Cir. 1990).

Section 541(a) of the Bankruptcy Code provides, in relevant part, as follows: (a)The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1)Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case…. (b)Property of the estate does not include— (1)any power that the debtor may exercise solely for the benefit of an entity other than the debtor;… 11 USC § 541

The Property, although Debtor's representations in his schedules suggest otherwise, is owned by A Construction. Attached hereto as Exhibit C is a copy of the deed vesting title in A Construction. No other subsequent deeds appear in the public records. Debtor does not own the Property, and does not have any legal or equitable interest in the Property. At best, the Debtor has power that he may exercise solely for the benefit of A Construction. Pursuant to Section 541(b)(1), the Property is clearly not property of the Debtor's estate.

Despite not being property of the Debtor's estate, Patch's debt secured by the Property was provided for in the Debtor's Plan. The Plan proposed to pay Patch's debt in periodic payments for the duration of the Plan. Because the Property is undeniably not part of the Debtor's estate, it should not been included in the Plan.

Patch files this Motion within one year of the Confirmation Order which it seeks to modify. Patch also submits that it has filed the Motion within a reasonable time under the circumstances. Patch made a loan to A Construction in connection with the Property. Although

Patch received notice of the Debtor's Petition, because the Debtor was neither the borrower nor the owner of the collateral for the loan, Patch rightfully did not believe any action needed to be taken. Although the Debtor is the Guarantor of the loan, due to the equity in the Property Patch did not find it necessary to protect its potential unsecured claim against the Debtor. After receiving several payments from the trustee, Patch determined that the Property was improperly included in the Debtor's Plan and its debt improperly modified by the Plan. In January 2022, Patch filed its Motion for Relief, seeking to modify the automatic stay as to its Mortgage against the Property. On March 31, 2022, Patch's Motion was denied and the Court opined that because the Confirmation Order was final, a Motion pursuant to FRCP 60(b) was the appropriate procedural mechanism to attack the Confirmation Order.

After denial of the Motion for Relief, the parties have engaged in discussions to attempt to resolve Patch's debt without the necessity of litigating further. Accordingly, Patch did not immediately file its FRCP 60(b) Motion. Although the parties continue to discuss resolution, Patch files the instant Motion to ensure it is timely.

Under these circumstances, Patch's failure to object to the Plan or seek relief prior to the January 2022 Motion for Relief was excusable neglect or inadvertance under FRCP 60(b)(1). The Petition was not filed by Patch's borrower and the fact that Patch did not analyze the Plan in detail or refer the matter to legal counsel was completely reasonable. That the Debtor included a secured debt not owed by him and a property not owned by him in his Plan should not result in prejudice to Patch.

Accordingly, the Confirmation Order should be vacated to allow Patch to object to confirmation of the Plan or move for relief from the automatic stay. The Debtor should not benefit from improperly including a non-debtor's Property and debt in his Plan, simply because of the expiration of time while Patch realized its mistake.

WHEREFORE, Patch of Land Lending, LLC, prays that an Order be entered in this case

vacating the July 22, 2022 order confirming the Plan pursuant to FRCP 60, so that Patch of Land Lending, LLC, is permitted to object to the Plan or seek relief from the stay, and for such further relief as may be equitable and appropriate to protect the interests of Patch of Land Lending, LLC as a creditor.

        Respectfully submitted,
        Patch of Land Lending, LLC

        By: /s/Noah Weininger
        Its Attorney

The Weininger Law Firm LLC
180 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
312-796-8850
nweininger@weiningerlawfirm.com